# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2253 | **DATE** | 8/16/2012 |
| **CASE TITLE** | U.S. ex rel. Anthony Conley (K-57454) v. Keith Anglin | | |

**DOCKET ENTRY TEXT:**

Respondent's motion to dismiss [11] is granted as the instant petition for habeas corpus relief is successive and thus must be summarily dismissed without prejudice for lack of jurisdiction. Petitioner may seek permission from the Seventh Circuit to file a successive 28 U.S.C. § 2254 petition pursuant to Circuit Rule 22.2. The court also declines to issue a certificate of appealability, in the event that petitioner seeks to appeal this dismissal. *See* Rule 11 of the Rules Governing 28 U.S.C. § 2254 Cases.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Petitioner Anthony Conley is an Illinois prisoner incarcerated at the Danville Correctional Center. He initiated the instant petition for federal habeas corpus relief in the Central District of Illinois, which transferred the case to this court because Mr. Conley was convicted in Cook County. In his petition, Mr. Conley seeks to challenge his 1997 conviction for attempted murder, aggravated battery, and aggravated discharge of a gun. *See* Cook County Circuit Court No. 96 CR 12216. When initially reviewing the petition, the court questioned its timeliness but overlooked the existence of a prior petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by Mr. Conley based on the same conviction. The respondent subsequently pointed out that Mr. Conley previously filed a § 2254 petition in 2003 which was denied as untimely. *See Conley v. Briley*, No. 03 C 1697 (N.D. Ill. May 31, 2003) (Manning, J.); *see also* Order of July 9, 2003 denying Mr. Conley motion to reconsider. Mr. Conley does not dispute that he filed a prior § 2254 petition but nevertheless urges the court to consider his claims on the merits. Dkt. 14.

"[A] prior untimely petition does count [for purposes of § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). Under 28 U.S.C. § 2244(b), Mr. Conley must, therefore, obtain permission from the appellate court before this court can consider a second or successive § 2254 petition. Mr. Conley makes no showing that he has obtained permission from the Seventh Circuit. The court thus lacks jurisdiction to consider the current petition. *See* 28 U.S.C. 2244(b); *White v. United States*, 371 F.3d 900, 903 (7th Cir. 2004); *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999).

Accordingly, Mr. Conley's present § 2254 petition is dismissed for lack of jurisdiction and without prejudice to renewal should the Seventh Circuit allow him to proceed. Circuit Rule 22.2 explains how a petitioner may obtain permission from the Seventh Circuit to file a second or successive petition. A copy of Circuit Rule 22.2 is included with this order.

isk

**STATEMENT**

**CIRCUIT RULE 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C.§2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

   (1) A disclosure statement, if required by Circuit Rule 26.1.

   (2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

      (A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

      (B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

   (3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

   (4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

   (5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.